349 F.2d 928
 65-2 USTC P 12,343
 Robert W. HAMMERSTEIN, Jr., Successor Trustee Under Will of
Katherine B. Schlueter, a/k/a Katheryne B.
Schlueter, Deceased, Appellant,
v.
Alvin M. KELLEY, District Director of Internal Revenue, St.
Louis, Missouri, Appellee.
 No. 17948.
 United States Court of Appeals Eighth Circuit.
 Aug. 16, 1965.
 
 Lackland H. Bloom, St. Louis, Mo., made argument for appellant and filed brief with Robert W. Hammerstein, Jr., pro se.
 Gilbert E. Andrews, Atty., Dept. of Justice, Washington, D.C., made argument for appellee and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Michael Mulroney, Attys., Dept. of Justice, Washington, D.C., and also Richard D. FitzGibbon, U.S. Atty., and John A. Newton, Asst. U.S. Atty., St. Louis, Mo.
 Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.
 VAN OOSTERHOUT, Circuit Judge.
 
 
 1
 This is an action by the plaintiff, Robert W. Hammerstein, Jr., as Successor Trustee under the Will of Katherine B. Schlueter, Deceased (hereinafter called taxpayer) to recover $97,866.40 deficiency in estate tax plus interest thereon which was assessed to and paid by taxpayer. Timely claim for refund was made and no action thereon having been taken within six months, this timely suit was brought. Judge Harper, after hearing the case, entered judgment on the merits dismissing the complaint. His findings of fact and conclusions of law are incorporated in his memorandum opinion reported at 235 F.Supp. 60. The trustee has taken an appeal from such final judgment. This court has jurisdiction.
 
 
 2
 Mrs. Schlueter, who died testate on March 4, 1957, by will gave the residue of her estate, which amounted to about $400,000, in trust. The portion of the will here material reads:
 
 
 3
 'Sixteenth:
 
 
 4
 '(d) The Trustee shall hold the Trust Estate in trust for the benefit of the St. Louis Medical Society, its successors and assigns, and it shall be known as 'The Dr. Robert E. Schlueter Memorial Fund' with the provision that the net income, each year be paid to the St. Louis Medical Society to be used for library purposes. The Trust Estate is to continue in existence for not more than twenty-five (25) years after my estate has been closed in the Probate Court, but may be closed before that time, at the sole discretion of my Trustee, should he deem it advisable to do so. At the time of such closing, all principal and accrued income shall be paid and delivered to the St. Louis Medical Society, its successor or assigns.'
 
 
 5
 Judge Harper determined that the gift of the residue of the estate was to the St. Louis Medical Society and that the charitable deduction provided by 2055(a) (2), I.R.C.1954, was not available because the St. Louis Medical Society did not meet the requirements of the charitable exemption statute. Such determination is based upon the court's finding reading:
 
 
 6
 'Despite the charitable and educational activities of the St. Louis Medical Society admittedly existing, its activities are quite clearly not exclusively within that category, nor are its activities in the legislative sphere non-substantial. The evidence is quite clear that many of its activities, including the political and legislative activities of the Society, prevent it from being a charitable organization within the meaning of Section 2055.' 235 F.Supp. 60, 65.
 
 
 7
 In Stevens Bros. Foundation, Inc. v. Commissioner of Internal Revenue, 8 Cir., 324 F.2d 633, 638, we quoted and followed Better Business Bureau of Wash., D.C. v. United States, 326 U.S. 279, 66 S.Ct. 112, 90 L.Ed. 67, and held:
 
 
 8
 'So here, in order for Foundation to occupy exempt status, it must be devoted to charitable purposes exclusively, and if there is present in its operations a single noncharitable purpose substantial in nature, though it may have other truly and important charitable purposes, it is not entitled to be exempt.'
 
 
 9
 We pointed out in Stevens that the issue of whether a corporation was organized and operated exclusively for charitable purposes ordinarily presents a fact issue and that the Court's finding must stand unless it is clearly erroneous.
 
 
 10
 The trial court in its opinion properly sets out the applicalble legal standards for determining the availability of the charitable deduction. The court summarizes the evidence upon which its findings are based in considerable detail. Without doubt, as conceded by the trial court, the Medical Society was engaged in many worthwhile activities which would fully meet the charitable test. There is, however, substantial evidence to support the court's finding that a substantial portion of the Medical Society's activities were not charitable in nature.
 
 
 11
 We affirm the trial court's finding and conclusion that the plaintiff is not entitled to the benefit of the charitable deduction provided by 2055(a)(2) on the basis of the trial court's well-considered opinion. A restatement of the applicable law and the evidence here would serve no useful purpose.
 
 
 12
 Taxpayer urges that the court committed error in admitting evidence with respect to activities of the St. Louis Medical Society covering a period subsequent to the death of the testatrix. Taxpayer does not set out, as required by our rules, the record of objections he made to such testimony or give a record reference thereto. We have examined the record and find no objection to the challenged testimony. Absent proper objection, the court committed no error in receiving the exhibits.
 
 
 13
 We agree with the taxpayer's contention that the exempt status of the bequest should be determined upon the basis of the status of the beneficiary at the time of decedent's death. This does not foreclose evidence of conduct prior or subsequent to the critical period which is not too remote and which bears on the purposes for which the Medical Society was organized or operated at the time of testatrix's death. See Roberts Dairy Co. v. Commissioner of Internal Revenue, 8 Cir., 195 F.2d 948, 950. In any event, we are satisfied there is ample evidence apart from the challenged evidence to support the trial court's decision.
 
 
 14
 As an alternate basis for deduction, taxpayer points to 2055(a)(3) which permits a charitable deduction transferred in trust if the gift is to be used by the trustee exclusively for charitable purposes. Taxpayer argues that the Medical Society takes the gift granted by paragraph Sixteen (d) of the will, supra, at the termination of the testamentary trust, burdened with the restriction that the principal and interest it receives shall be used exclusively for library purposes. It is not disputed that the Medical Society's library qualifies as a charitable project.
 
 
 15
 We believe that the trial court, for reasons set out in its opinion, properly rejected such contention. It is quite true that the testatrix was friendly to charities and that she and her deceased husband had a large interest in the Medical Society's library. They were also interested in the Medical Society itself. The will of the testatrix appears to have been carefully and skillfully drawn. Item Sixteen (d) by plain and unambiguous language gives the Medical Society the corpus of the trust at the termination of the testamentary trust absolutely and free of any restriction or condition. There is no inconsistency in directing the use of the income during the trust period and the absence of such a restriction on the final gift. We find nothing persuasive in item Sixteen (d) or the will as a whole which can be said to manifest any clear intent on the part of the testatrix to impose any restriction on the gift made to the Medical Society upon the termination of the trust.
 
 
 16
 We note that no proceedings have been instituted in the Missouri courts for the construction of the will. Any construction we make of the will is only for the purpose of determining tax liability. Our disposition here would not necessarily affect the rights of the parties interested in the will in other respect, particularly since the St. Louis Medical Society is not a party to this action. More importantly, no persuasive Missouri authorities have been cited or found which would require the construction urged by taxpayer.
 
 
 17
 We hold that the trial court reached a permissible conclusion on the basis of Missouri law in its construction of the will.
 
 
 18
 The trial court correctly held that the power granted to the trustee to terminate the trust in his absolute discretion at any time, whereupon under the will the corpus and accrued interest is to be distributed to the St. Louis Medical Society, makes it uncertain as of the date of the death of the testatrix that any sum capable of definite calculation would be used for library purposes. The court held that bequest for library purposes of the income during the trust period was conditional and contingent and that hence, it would not qualify for a charitable deduction.
 
 
 19
 To qualify for a charitable deduction under 2055, taxpayer has the burden of establishing that the amount to be used for charitable purposes (i.e., the amount of the deduction) is accurately calculable. Merchants Nat'l Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35.
 
 
 20
 Only charitable bequests capable of being stated in terms of money are deductible; conditional bequests are not. Commissioner of Internal Revenue v. Sternberger's Estate, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246; Mississippi Valley Trust Co. v. Commissioner of Internal Revenue, 8 Cir., 72 F.2d 197.
 
 
 21
 The trial court properly denied the trustee any charitable deduction. The judgment appealed from is affirmed.