ESTATE OF AMELIA B. WOODWORTH, DECEASED, CITIZENS & SOUTHERN NATIONAL BANK OF SOUTH CAROLINA AND LEONARD BECKER, JR., EXECUTORS, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1953-65.   Filed November 23, 1966.

*T. E. Walsh,* for the petitioners.
*Thomas A. Brown,* for the respondent.

OPINION

Dawson, *Judge:* Respondent determined a deficiency in estate tax against the petitioners in the amount of $27,706.60.

Some adjustments made in the notice of deficiency were not contested by petitioners. The only issue for decision is whether the petitioners are entitled to a charitable deduction of $180,904.14 by reason of a devise in the decedent's residuary estate.

All of the facts have been stipulated by the parties and are adopted as our findings.

Amelia B. Woodworth (hereinafter called the decedent) died testate on September 23, 1961, a resident of Spartanburg County, S.C. After the decedent's death, her last will and testament was admitted to probate in the Probate Court for Spartanburg, S.C. Reverend Maurice R. Daly, Leonard Becker, Jr., and the Citizens & Southern National Bank of Spartanburg were appointed as coexecutors of the estate. Reverend Maurice R. Daly, pastor of St. Paul's Catholic Church in Spartanburg, died on May 25, 1962.

The tenth item of the decedent's last will and testament provided:

I will, devise and bequeath all the rest, residue and remainder of my estate—real estate, buildings, furniture, linens, diamonds, silver and silverware and any and all other real and personal property—to Rev. Maurice R. Daly, Leonard Becker, Jr. and the Citizens and Southern National Bank of Spartanburg, South Carolina, as Trustees, for the purpose of assisting in the establishment of a Catholic Hospital in Spartanburg County, South Carolina, or for the purpose of maintaining a Catholic Hospital in Spartanburg County, South Carolina, in the discretion of my Trustees. In the event Leonard Becker, Jr. predeceases me or dies during the continuance of this Trust, then, in that event, I nominate and appoint Col. A. J. Becker of Columbia, South Carolina, to serve in his place and stead.

(a) My Trustees are authorized to invest and reinvest the Trust Estate in such stocks, bonds, mortgages, securities or other property, real or personal, as will yield a reasonable income consistent with reasonable safety and my desire to help in establishing or maintaining a Catholic Hospital in Spartanburg County, South Carolina. In making investments and reinvestments, my Trustees shall have full and complete authority to exercise their discretion thereon.

(b) My Trustees are authorized to retain any securities, investments or other real or personal property received by them hereunder from my estate or from any other sources, for such time as they believe advisable for the best interests of my estate and the accomplishment of the purposes of my Will.

(c) My Trustees are authorized to sell, exchange, lease, option or otherwise dispose of all or any portion of the Trust Estate in such manner and upon such terms and conditions as they shall believe advisable and in the best interests of my estate, and to make, execute and deliver deeds, assignments and other documents necessary to effect any of these powers.

The twelfth item of the decedent's last will and testament provided:

I have tried to divide my property among those who have been kind to me and to help the very special charity I have wanted to help, namely, the establishment of a Catholic Hospital for Spartanburg, South Carolina, or the establishment of a fund for the purpose of maintaining a Catholic Hospital in Spartanburg, South Carolina.

At the date of the decedent's death there was no Catholic hospital in existence in Spartanburg County, S.C.

The trust established in the tenth item of the decedent's last will and testament and the transfer thereof to a charitable organization was dependent and conditioned upon the organizing or building of a Catholic hospital in Spartanburg County, S.C.

On December 31, 1962, the Citizens & Southern National Bank of South Carolina and Leonard Becker, Jr., as coexecutors of the Estate of Amelia B. Woodworth, filed a Federal estate tax return for the estate with the district director of internal revenue at Columbia, S.C. In the Federal estate tax return the petitioners claimed a charitable deduction in the amount of $180,904.14 relating to the trust set out in the tenth item of decedent's last will and testament. Respondent, in his notice of deficiency, disallowed the claimed charitable deduction with the following explanation:

The charitable bequest claimed in Schedule N of the return in the amount of $180,904.14, representing a trust for the purpose of assisting in the establishment of a Catholic hospital or for the purpose of maintaining a Catholic hospital in Spartanburg County, South Carolina, has been disallowed since it has not been shown that there has been or will be an effective transfer of funds, passing unconditionally to or for the benefit of a trust beneficiary, established and operating as a charitable organization.

The issue to be resolved is whether the devise of decedent's residuary estate is contingent or conditional within the meaning of section 2055 (a)(3),[1] I.R.C. 1954, and the regulations [2] promulgated thereunder

---

[1] SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.

(a) IN GENERAL.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

\* \* \* \* \* \*

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, and no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation; or

[2] Sec. 20.2055–2(b), Estate Tax Regs., provides, in pertinent part, as follows:

*Transfers subject to a condition or a power.* If, as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible.

and, if so, whether the possibility that the charitable transfer will not become effective is so remote as to be negligible.

Petitioners contend that the devise here in issue is final, absolute, unconditional, and irrevocable. They argue that it was a certainty on the day of her death (Sept. 23, 1961) and that it should not be defeated because the Spartanburg community or the Catholic Church "may need to take further action in order to complete the bequest." The substance of petitioners' position is stated in their brief as follows:

The fact that Mrs. Woodworth anticipated that the money would be used "to assist in establishing a Catholic Hospital" clearly indicates that the bequest was to be used as a catalyst in accomplishing this great objective. We do not understand that the Regulations are so rigid as to require proof as of the date of her death that the hospital will be established with a mathematical certainty.

Respondent, on the other hand, claims that the bequest is contingent on a Catholic hospital coming into existence in Spartanburg County or the creation of a fund to establish a hospital; that it is speculative or conjectural that this will ever occur; and, there being no *cy pres* doctrine in South Carolina, there is no assurance that the charitable bequest will ever become effective. Consequently, the respondent argues that the devise is subject to a condition which requires the disallowance of the charitable deduction because the possibility that it will not become effective is not so remote as to be negligible.

Without doubting the highly laudable and charitable purpose of the decedent, we are constrained to agree with the respondent's position. It is clear from the provisions of section 20.2055–2(b), Estate Tax Regs., that a deduction cannot be allowed for a devise, bequest, or transfer which in fact is conditional. And, if the bequest is conditional, then the inquiry is whether the possibility that the charity will not take is or is not so remote as to be negligible. See *Estate of Moffett* v. *Commissioner*, 269 F. 2d 738 (C.A. 4, 1959), affirming 31 T.C. 541 (1958). As a practical matter, we think the bequest was conditional within the meaning of the regulations. In the first place, the ultimate object of the bequest was not in existence at the date of the decedent's death and, secondly, the bequest was limited to either of two specific purposes mentioned in the decedent's will. Moreover, since the trustees could not use the fund for purposes other than those stated in the will and until steps were taken to establish a Catholic hospital, the fund would lie idle and for the use of no one. Thus the bequest had no semblance of certainty unless action was taken to establish either a hospital or a fund to build one. Petitioners have failed to produce any evidence that the hospital contemplated by the decedent would be established. They had the burden of proving that the hospital would be built and the funds in trust would be used for that purpose, and their failure of proof is fatal to their cause. See *Merchants National*

*Bank of Boston* v. *Commissioner*, 320 U.S. 256 (1943) ; and *Hammerstein* v. *Kelley*, 349 F. 2d 928 (C.A. 8, 1965). Likewise, the petitioners have the burden of proving that the possibility that the transfer will not become effective is so remote as to be negligible. They have submitted no evidence of any nature to support their position and to meet their burden of proof.

The only material fact in this record, as of the date of death of the decedent, is that there was no Catholic hospital in Spartanburg County. The probability or possibility that a Catholic hospital in Spartanburg County would be established and that the residuary estate will pass to a Catholic hospital there for its use and benefit after the decedent's death is too speculative to conclude that the possibility that the charitable transfer will not become effective is so remote as to be negligible. This is true for two reasons: (1) There is no guarantee or certainty that there will ever be a Catholic hospital in Spartanburg County which could take this residuary bequest; and (2) in the event there would never be a Catholic hospital in Spartanburg County, there is no judicial or statutory recognition of the doctrine of *cy pres* in the State of South Carolina which would enable the trust fund to be used by the trustees for other charitable purposes. There are no readily ascertainable or reliably predictable facts in this record upon which we may conclude that, as a practical certainty, charity will receive the contemplated financial benefit. *St. Louis Union Trust Co.* v. *Burnet*, 59 F. 2d 922 (C.A. 8, 1932).

The phrase "so remote as to be negligible" contained in section 20.2055-2(b) of the regulations has been defined as "a chance which persons generally would disregard as so improbable that it might be ignored with reasonable safety in undertaking a serious business transaction." *United States* v. *Dean*, 224 F. 2d 26 (C.A. 1, 1955). It is likewise a chance which every dictate of reason and common sense would justify an intelligent person in disregarding as so highly improbable and remote as to be lacking in reason and substance. *United States* v. *Provident Trust Co.*, 291 U.S. 272 (1934). Applying these criteria to the facts of this case, it is apparent that the possibility that a Catholic hospital would not be built in Spartanburg could not be ignored with reasonable safety if this were connected with a serious business transaction. There is nothing absolute or certain with respect to the fact that a Catholic hospital might or might not come into existence and, therefore, is not so remote as to be negligible.

To permit the petitioners to prevail in this controversy would mean the allowance of an immediate and irrevocable deduction from the gross estate of the decedent in the amount of $180,904.14 with a very distinct possibility that charity will receive nothing since there is a good chance that the specific charity will never come into existence.

In our opinion these circumstances surrounding the devise constitute a barrier to the trustees in carrying out the testator's charitable purpose. And surely it was not the intent of this statute to allow a chariable deduction one day and on the next day have the charitable bequest defeated because of a failure of a beneficiary being capable of accepting the gift.

As an important part of his argument that there is no assured bequest to a beneficiary who can take and use the fund for charitable purposes, the respondent points out that under the laws of South Carolina there is no doctrine of *cy pres* [3] to uphold this devise if the initial intent of the decedent be frustrated or rendered impossible of performance. There is no statute in South Carolina pertaining to the doctrine of *cy pres*. In fact, it is recognized by leading legal authorities that South Carolina has rejected the doctrine. See Restatement, Trusts, sec. 399 (2d ed.); 15 Am. Jur. 2d, Charities, sec. 132; *Attorney General* v. *Jolly*, 2 Strob. Eq. 379 (S.C. 1848); *Pringle* v. *Dorsey*, 3 S.C. 502 (1872); *Mars* v. *Gibert*, 93 S.C. 455, 77 S.E. 131 (1913); *City of Columbia* v. *Monteith*, 139 S.C. 262, 137 S.E. 727 (1927); and *Furman University* v. *McLeod*, 238 S.C. 475, 120 S.E. 2d 865 (1961). See also 1 S.C.L.Q. 331 (1949). The absence of the *cy pres* doctrine in South Carolina makes the bequest here even more remote with respect to a charity ever taking the bequest. Furthermore, even if we assume *arguendo* that the *cy pres* doctrine is recognized in South Carolina, it is doubtful that the trust here involved has the necessary "general charitable intent" since the gift is too specific as to purpose and thus forecloses the possibility of any deviation from the purposes stated in the twelfth item of decedent's last will and testament.

In the instant case there is no existing designated, identifiable, organized charity to accept the gift, and, under State law, the gift will fail completely and the trust property will revert to the donor's estate to pass as intestate property to her heirs at law unless a Catholic hospital is constructed or purchased. In our judgment the happening of this event is too remote to allow the claimed charitable deduction. While the estate tax provisions encourage charitable bequests by authorizing deductions for such purposes, they provide no deductions for bequests which may never reach the charity. *Commissioner* v. *Sternberger's Estate*, 348 U.S. 187, 198 (1955). We believe the allowance of the deduction sought here would open a door to easy abuse.

---

[3] In the *Restatement, Trusts*, sec. 399 (2d ed.), the *cy pres* doctrine is stated as follows: If property is given in trust to be applied to a particular charitable purpose, and it is or becomes impossible or impracticable or illegal to carry out the particular purpose, and if the settlor manifested a more general intention to devote the property to charitable purposes, the trust will not fail but the Court will direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor.

We hold, on this record, that the possibility that the charitable transfer will not become effective is not so remote as to be negligible. Cf. *Estate of Abraham L. Buckwalter*, 46 T.C. 805 (1966), and *Estate of Russell Harrison Varian*, 47 T.C. 34 (1966) (issue 3). Accordingly,

*Decision will be entered for the respondent.*