ERNEST G. ANGEVINE & another, executors, *vs.* COMMIS-
SIONER OF CORPORATIONS AND TAXATION.

Middlesex.   March 8, 1972. — April 18, 1972.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*Taxation,* Succession tax.

For the purpose of G. L. c. 65, § 1, exempting from inheritance taxes
    bequests by Massachusetts residents to charitable institutions of
    other States where the other States gave a reciprocal exemption
    to bequests to Massachusetts charities, absence in another State
    of an inheritance tax or an estate tax applicable to charitable
    bequests was the equivalent of an exemption there.   [612–614]

PETITION filed in the Probate Court for the county of
Middlesex, on December 8, 1970.

The case was heard by *Hays,* J.

*Daniel J. Johnedis,* Assistant Attorney General, for
the Commissioner of Corporations and Taxation.

*Charles W. Robbins* for the petitioners.

CUTTER, J.   This is an appeal by the commissioner
from a decree of the Probate Court abating an inheri-
tance tax.   The commissioner had assessed such a tax
upon a legacy, under the will of a Massachusetts testator,
to certain Florida public charitable institutions.   There
is a statement of agreed facts amounting to a case stated.

Under the testator's will and codicils, a fund was left
to pay certain specific legacies after the death of the
testator's wife.   She died in 1967, less than three months
after the death of the testator.   One legacy of $10,000
was given to Bethesda Hospital, owned and operated by
the Southeastern Palm Beach County Hospital District.[1]
Another legacy of $10,000 was given to Congregational
Church of the Palms, Delray, a Florida nonprofit cor-

---

[1] Legacies to this hospital district have been ruled by the Commis-
sioner of Internal Revenue to be deductible in computing a decedent's
taxable estate for Federal estate tax purposes.

poration.    The Internal Revenue Service allowed the testator's estate a charitable deduction for each legacy for Federal estate tax purposes.

Florida has no inheritance tax.    It has an estate tax equal to the credit allowed for State death taxes against the Federal estate tax.    No Federal estate tax is assessed on legacies such as these.    Such legacies do not contribute to the amount of the credit and no Florida estate tax is assessed or payable by reason of such legacies.    If the testator had been a resident of Florida, no Florida inheritance or estate tax would have been assessed or become payable by reason of these two legacies.

General Laws c. 65, § 1,[2] exempts from Massachusetts inheritance taxes all property transferred by reason of the owner's death to charitable, educational, or religious institutions "which are *organized under the laws of*, or whose principal charitable, educational or religious objects are carried out within *any other state or states* of the United States *which exempt from similar taxation legacies* and devises *by its citizens* to or for the use of *such societies or institutions which are organized under the laws of*, or whose principal charitable, educational or religious objects are carried out within *the commonwealth*" (emphasis supplied).

1. Since Florida imposes no inheritance tax at all, we think it must be regarded as a State (within G. L. c. 65, § 1, quoted above) which affords Massachusetts charities the equivalent of a reciprocal exemption from inheritance taxes upon bequests made to them by Florida domiciliaries.    The obvious legislative purpose of G. L. c. 65, § 1, is to exempt bequests by Massachusetts residents to non-Massachusetts charities where the States of such charities would do the same for legacies to Mas-

---

[2] Section 1 has been amended, in respects here pertinent, by St. 1955, c. 596.    Since that amendment and prior to the testator's death (July 15, 1967), § 1 was amended in other respects.    Since 1967 there have been various further amendments.    See *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxn.* 343 Mass. 613, 615 et seq.    See also 1955 Ann. Survey Mass. Law, § 16.9; annotation, 12 A. L. R. 3d 918.

sachusetts charities.  Certainly, in the light of this obvious legislative purpose, the effect of the absence of a Florida inheritance tax is the same as an exemption.  See *Tax Commr.* v. *Poucher*, 127 Conn. 441, 447–449, which (at pp. 444–445) gives weight to legislative purpose in construing such statutes, citing *Bliss* v. *Bliss*, 221 Mass. 201, 210–211.  In the *Bliss* case, in a somewhat different context, the words "like exemption" were construed in the light of whether another State in fact would impose a tax burden upon particular property passing upon the death of its owner.[3]

2. The same principle applies to Florida's estate tax (Fla. Stat. §§ 198.02, 198.03, 198.44) which is equal only to the credit for State death taxes allowable against the Federal estate tax.  See Int. Rev. Code of 1954, § 2011 (and amendments through 26 U. S. C. [1970] § 2011).  It is agreed that such legacies as those to the two Florida charities "do not contribute to the amount of the [estate tax] credit and [that] no Florida estate tax is . . . payable by reasons of such legacies."

3. The types of charitable legacies exempt from Federal estate tax appear to be substantially the same as those exempt under the Massachusetts statute.  See Int. Rev. Code of 1954, § 2055 (as amended through 26 U. S. C. [1964], § 2055; later amendments through the 1970 U. S. Code compilation are not here pertinent).  If there is any difference between the scope of the relief from taxes upon charitable bequests afforded by § 2055 and that afforded by G. L. c. 65, § 1, the difference relates only to a few corporations, and for present purposes (in-

---

[3] The commissioner in his brief properly and expressly disclaims any intention to ask us to follow the "unduly restrictive" and narrow construction adopted in *In Re Estate of Parmelee*, 7 Ohio Op. 455, 461–462, cert. dism. 304 U. S. 544, *S. C.* 133 Ohio St. 519; 134 Ohio St. 420.  There are no limitations upon Florida's complete statutory failure to impose any tax burden on bequests by Florida residents to Massachusetts charities.  We thus have no occasion to consider provisions of the type held fatal to reciprocal exemptions in the *Poucher* case, 127 Conn. 441, 445–447, and in *Merrill Trust Co.* v. *State Tax Assessor*, 159 Maine, 45, 49–51.

volving a church and a hospital) is neither relevant nor consequential.[4]    Any such difference obviously has no application to the bequests here in issue.

*Decree affirmed.*

---

[4] Some suggestion was made at the arguments that *Carroll* v. *Commissioner of Corps. & Taxn.* 343 Mass. 409, dealt with a charitable enterprise which would not be an exempt donee under the Federal statute.    Whether the enterprise was thus exempt does not appear in the original papers in the *Carroll* case.    See, however, cumulative list of organizations described in § 170 (c), Int. Rev. Code of 1954; Int. Rev. Serv. Publn. No. 78 (rev. 12–31–1966) p. 327.    See also *Dulles* v. *Johnson,* 273 F. 2d 362, 365–369 (2d Cir.) cert. den. 364 U. S. 834; *St. Louis Union Tr. Co.* v. *United States,* 374 F. 2d 427, 431–440 (8th Cir.) ; *Industrial Natl. Bank* v. *United States,* 187 F. Supp. 810, 812–816 (D. R. I.) ; Rabkin & Johnson, Federal Income, Gift, and Estate Taxation, §§ 59.01A, 59.01B, 59.02A, 59.07.    Cf. *Hammerstein* v. *Kelley,* 349 F. 2d 928, 929–930 (8th Cir.), discussing a gift to a medical society, which had some noncharitable activities.