Louis G. SHERMAN, Jr., and Randolph W. Commins, Executors of the Estate of Louis G. Sherman, Sr., under Last Will and Testament of Louis G. Sherman, Sr., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 73-3056.

United States Court of Appeals, Fifth Circuit.

April 19, 1974.

Hugh W. Gibert, David L. Ross, Atlanta, Ga., for plaintiffs-appellants.

Julian Longley, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., D. Wendell Barnett, Trial Atty.,

Jay R. Weill, Elmer J. Kelsey, Michael J. Roach, Attys., Scott P. Crampton, Meyer Rothwacks, Asst. Attys. Gen., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before ALDRICH * Senior Circuit Judge, and BELL and GEE, Circuit Judges.

ALDRICH, Senior Circuit Judge:

This action to recover an alleged overpayment of estate tax was previously before this court, 462 F.2d 577. At that time we affirmed a finding that there was a deductible obligation of the estate because of a support agreement between decedent and his wife from whom he had been separated, but we remanded for reconsideration of the amount. At the second trial the court took evidence, determined that the amount was immeasurable, and disallowed the deduction in its entirety. The executors appeal.

The facts are relatively simple. Prior to their separation the decedent had created an inter vivos trust for the benefit of his wife for life, with a power in the trustees to invade principal. Thereafter the parties separated. A settlement agreement was entered into whereby decedent would pay his wife $1500 a month for life, or until she remarried, but it was provided that receipts from the trust should be credited towards its satisfaction. At decedent's death the assets of the trust were $83,953. It was stipulated that as of that date, based upon actuarial tables showing the widow's life expectancy and possibility of remarriage, the commuted value of the right to receive $1500 a month until her death or remarriage was $129,040. In spite of this liquidization, the government persuaded the district court that it was uncertain whether the widow would live or remain unremarried long enough to consume the assets of the inter vivos trust, and hence it was uncertain whether the estate would ever have to make payments on account of the separation agreement. The court concluded that the executors had not proven any allowable deduction.

This legerdemain whereby what would concededly have been a deductible obligation in the amount of $129,040 became worthless to the estate because $83,953 was available elsewhere to pay it, is sought to be explained by the government on the basis of an actuarial computation that we accept for present purposes subject to a comment, that there was a 30% chance that the widow would not live long enough to exhaust the trust. Our comment is that it would be equally appropriate, or, rather, equally inappropriate, to say that there may be, for example, a 30% possibility that the widow will live, unmarried, substantially longer than the normal expectancy date on which the $129,040 figure was computed; the government is rejecting the whole principle of actuarial evaluation. On the basis of that universally accepted practice, with an obligation whose stipulated value was $129,040 and a trust possessing $83,953, the estate was faced with a demonstrated deficiency of $45,087.

The government contends, however, that since there was a 30% possibility that the widow would not live beyond the capability of the trust, it is legally impermissible to take a deduction at all. For this it cites a number of cases holding that a testamentary charitable gift that is contingent may not be deducted if the chance that the contingency will not occur, viz., that the gift will not vest, is more than "negligible," e. g., Commissioner of Internal Revenue v. Estate of Sternberger, 1955, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246, and that a 30% chance meets that description, United States v. Dean, 1 Cir., 1955, 224 F.2d 26. The government discusses these cases at length to show their pertinency, but carefully avoids calling our attention to their express rationale, a Treasury Regulation specially, and solely, applicable to charitable gifts.

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

The government's contention that we should follow these cases, without noting this distinguishing feature plainly relied on by the courts, see both the majority and dissenting opinions in *Estate of Sternberger*, ante, and the observations of the First Circuit in *Dean*, 224 F.2d at 28–29, we must regard as censurable; the court expects more forthrightness from government counsel. There is no comparable regulation limiting deductions on account of debts of the estate. Had there been no possibility of a contribution from the inter vivos trust, the estate would have been entitled to the full deduction of $129,040 in spite of the possibility that the widow would not have lived unmarried to normal expectancy. Commissioner v. Maresi, 2 Cir., 1946, 156 F.2d 929. This same possibility is not to be employed, in the absence of any compelling regulation, to permit the deduction to be wiped out by a trust whose assets are substantially inadequate on their face.

The executors argue that we should not assume as a fact that the trustees will elect to pay out, and that they, in turn, may have to pay a correspondingly even larger deficiency than $45,087. We do not face this problem in a theoretical area, however, but in one limited by realities. The executors and ultimate testamentary trustees, and the inter vivos trustees, are the same individuals. The burden of establishing a deduction is on the executors. We cannot permit them to increase the deduction by their own voluntary action as to choice of payment. Nor do we think it appropriate to review the difficulties allegedly facing the trustees under Georgia law, which, at most, do not seem insuperable.

Reversed and remanded for entry of judgment for appellants consistent with this opinion.